



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 1, 1939

Hon. Allen C. Wilson
County Attorney
Kendall County
Boerne, Texas

Dear Sir:

        Opinion No. O-565
        Re: Disposition of fines and costs
           in felony cases prosecuted in
           district composed of two or more
           counties where county attorney
           assists in prosecution.

        Your request for an opinion from this department as set forth in your letter of May 19, 1939, and pertaining to the disposition of certain fines and costs collected in felony cases in your county, has received our attention. The first paragraph of your letter to which this opinion will be confined, reads as follows:

        "At the last term of the District Court of this County a defendant was convicted of the offense of Driving While Intoxicated. He was fined $50.00 and costs and sentenced to 5 days in jail. He paid the fine and costs and we would like to know what disposition to make of same. Particularly am I interested in where the Prosecuting attorney's fees shall go. The District Judge and District Attorney have ruled that such fees and commission on the fine should go to the County Attorney if he assists in the prosecution. I did assist in the prosecution. However, the Comptroller has informed the District Clerk that such fees should be paid into the County Treasury."

We have determined the population of Kendall County to be 4,970, according to the 1930 Federal Cenpus and assumed that the county attorney is compensated annually on the fee basis. We have also determined that Kendall County is in the 38th Judicial District which is composed of more than one county. It will be necessary that we give particular attention to the statutes relating to the compensation payable to district attorneys in such districts composed of two or more counties.

Article 26, Code of Criminal Procedure, 1925, relating to the duties of county attorneys, provides:

"The county attorneys shall attend the terms of all courts in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone, or when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court, and in such cases he shall receive all or one-half of the fees allowed by law to district attorneys, according as he acted alone or jointly. In such cases he shall receive all or one-half of the fees allowed by law to the district attorney whose duties he performs, or assists in performing, but shall receive no part of the constitutional salary allowed to such district attorney, according as he acted alone or jointly; provided that fees collected by the county attorney from the state for such services shall be deducted by the Comptroller of Public Accounts from the fees which otherwise would have been paid to the district attorney had he represented the State alone; provided further this article shall not be construed as inhibiting any county attorney from voluntarily, with the consent of the district attorney, assisting the district attorney in the performance of his respective duties, without compensation."

Hon. Allen C. Wilson, June 1, 1939, Page 3

Article 3886(f), pertaining to the compensation of district attorneys in all judicial districts in this state, contains the following relevant provisions:

"Sec. 3. All fees, commissions and perquisites which may be earned and collected by District Attorneys affected by this Act shall be paid into the County Treasury of the counties in which such fees are earned for the account of the proper fund."

It will be noted that Article 26 of the Code of Criminal Procedure, supra, provides that "in such cases he shall receive all or one-half of the fees allowed by law to district attorneys, according as he acted alone or jointly." (underscoring ours)

In the case of Voges vs. Sheppard, Comptroller, 67 SW 2nd 856, opinion by the Commission of Appeals, Section (a) and adopted by the Supreme Court, there was involved the question of the county attorney being entitled to one-half of the fee as provided in Article 1025, Code of Criminal Procedure for assisting the District Attorney in the trial of certain felony cases. The court held that the constitutional and per diem salary fixed and payable by the state under the provisions of Article 1021, Code of Criminal Procedure, 1925, as amended, to district attorneys of such judicial districts, excluded such district attorneys from the fees as provided in Article 1025, and that by reason of such exclusion, the county attorney would not be entitled to any portion of said fees.

While only the fees as prescribed in said Article 1025 were involved, we do not believe the holding would have been different had the commissions as provided for in Article 950, Code of Criminal Procedure, been involved also. In both instances, such fees and commissions depend on whether such fees and commissions are allowed to the district attorney. It seems clear, therefore, that under the above authority the county attorney is not entitled to any fees or commissions for assisting the district attorney in the prosecution of

Hon. Allen C. Wilson, June 1, 1939, Page 4

felony cases in judicial districts composed of two or
more counties, where his right to said fees or com-
missions depends upon their being payable or allowed
to the district attorney and to whom such fees or com-
missions are no longer payable or allowed.

We have yet to discuss that portion of your
request as to the disposition of such fines and fees,
which phase of your question will now be dealt with.
Our attention is directed to the Acts of 1935, by the
44th Legislature, 2nd Called Session, Ch. 442, same
incorporated in the Revised Civil Statutes of 1925 as
Article 3886(f). You will find hereinabove the rele-
vant provision of said article, being Section 3 set
forth.

It is to be noted that the above provision
of Article 3886(f) provides that such fees, commissions
and perquisites which may be earned and collected by
the district attorneys affected by the act shall be
paid into the county treasury of the counties in which
such fees are earned for the account of the proper fund.
This provision of the statute supersedes that of Arti-
cle 1021, which formerly directed the district clerk
to transmit all commissions and fees allowed district
attorneys by law in districts composed of two or more
counties to the state treasurer. While no apparent rea-
son for the Legislature changing the disposition of such
fees and commissions and allowing the county to retain
same when formerly they were paid to the state is dis-
closed in the act, such policy and disposition appears
to be pursuant to and in accord with the constitutional
amendment of 1935 which provides in part, "all fees
earned by district, county and precinct officers shall
be paid into the county treasury where earned for the
account of the proper fund."

It is, therefore, the opinion of this department

Hon. Allen C. Wilson, June 1, 1939, Page 5

that in judicial districts composed of two or more counties, the county attorney is not entitled to any fees or commissions payable under the provisions of Article 950 and 1025, Code of Criminal Procedure, 1925, for assisting the district attorney of such districts in the prosecution of felony cases. Such fines collected, less other commissions authorized by law, along with such fees as authorized to be taxed as costs, are to be paid into the county treasury of the county in which such fees are earned.

With reference to the second paragraph of your letter, which involves generally numerous fact questions, to be decided under the provisions of Article 430(a) of the Penal Code, Acts of the 43rd Legislature, Regular Session, 1933, ch. 238, we enclose herewith a copy of our opinion No. 0-647 rendered to Mr. Morris G. Rosenthal, Assistant District Attorney, Houston, Texas, on May 5, 1939, which opinion we believe, will satisfy you and likely cover any law questions raised in the construction of said Article 430(a), Penal Code, and its applicability to those acts mentioned in this portion of your letter.

Trusting the above answers your letter of May 19, 1939, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

ENCLOSURE

APPROVED:

ATTORNEY GENERAL OF TEXAS